IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11330
Summary Calendar
_____


PETER M. MOORE,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1756-P
--------------------
July 21, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Peter M. Moore appeals from the district court's judgment affirming the denial of his application for supplemental security income. He argues that the district court erred in finding there was substantial evidence to support the Commissioner's denial of his disability claim and that the ALJ failed to apply the proper legal standard to his claim regarding 1) Moore's waiver of his right to representation, the hearing notice, and the requirement to conduct a full and fair hearing.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and hold that the district court did not err in concluding that there was substantial evidence to support the Commissioner's decision to terminate Moore's disability claim. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). We deem waived Moore's argument that he did not knowingly waive his right to representation at the hearing because he does not specifically identify to us, either by explanation or citation to the record, how the ALJ failed to comply with the requirements. Fed. R. App. P. 28(a)(9)(A).

The Commissioner objects to Moore's assertion that the hearing notice he received was defective and violated his right to due process because the Commissioner contends that Moore raised this argument for the first time in his objections to the magistrate judge's report and recommendation and, therefore it should be considered waived. However, since the Commissioner did not file an objection to the consideration of the issue in district court, we will address Moore's contention. See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996). Moore does not raise a constitutional claim because he does not allege an injury. He does not assert that he failed to present relevant evidence in reliance upon the notice's purported misleading language. See Torres v. Shalala, 48 F.3d 887, 893 (5th Cir. 1995).

We deem waived Moore's argument that he did not knowingly waive his right to representation at the hearing because he does not specifically identify to us, either by explanation or citation to the record, how the ALJ failed to comply with the requirements.

2

Fed. R. App. P. 28(a)(9)(A).  We also deem waived Moore's contention that the ALJ failed to conduct a full and fair hearing for the same reasons.  Accordingly, the district court's decision is AFFIRMED.